UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEA BRANTLEY,<br><br>            Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, INC., LOWE'S COMPANIES, INC., XYZ CORPORATION and MYCHAL SANDERS,<br><br>            Defendants. | Civil Action No. 04-5747 (MLC) (TJB) |

**DEFENDANT LOWE'S HOME CENTERS, INC.'S
RESPONSE TO ORDER TO SHOW CAUSE**

**LITTLER MENDELSON**
A Professional Corporation
One Gateway Center
Third Floor
Newark, NJ  07102.5311
973.848.4700
Attorneys for Defendant
Lowe's Home Centers, Inc.

# LOWE'S HOME CENTERS, INC.'S RESPONSE
# TO ORDER TO SHOW CAUSE

Plaintiff Lea Brantley filed a Complaint against Lowe's Home Centers, Inc., Lowe's Companies, Inc. and Mychal Sanders on August 26, 2004. On October 27, 2004, Lowe's Home Centers, Inc. ("Lowe's") accepted service of the Complaint on its behalf only.[1] On November 19, 2004, Lowe's removed this action to this Court, because, at that time, as is presently the circumstance, Lowe's was the only served defendant, a fact identified in Paragraph 9 of Lowe's Notice of Removal. As 28 U.S.C. 1441(b) expressly states, "any . . . action (other than federal question actions) shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." Based on the express language of the statute, Lowe's submits that removal is proper since no other defendant is properly joined and served. *See also Windac Corp. v. Clark*, 530 F. Supp. 812 (D. Neb. 1982) (when named defendant is not served, citizenship in the forum state does not defeat removal).

Lowe's removed this action based on the facts present at the time the 30-day removal period expired. Plaintiff has known of defendant's removal since on or about November 19, 2004 and has not once indicated that she intends to serve Sanders, assuming he is indeed a New Jersey resident, or has done so. From these facts, the Court can conclude either that plaintiff does not intend to serve Sanders or she knows that Sanders is not a New Jersey resident.

Lowe's is aware that service on a New Jersey resident defeats diversity jurisdiction, but Lowe's submits that plaintiff may have added Sanders solely to forum shop. By naming an individual defendant whose state of citizenship is uncertain, with no intention to serve that individual, deprives Lowe's the benefit of the removal statute. Accordingly, this matter should remain before this Court because it is solely between a citizen of North Carolina (Lowe's) and a

---

[1] Defendant Lowe's Companies, Inc., did not employ plaintiff and, in fact, has no presence in New Jersey. Defendant Mychal Sanders is a former Lowe's employee and Lowe's cannot establish with certainty where Mr. Sanders resides.

1

New Jersey resident (plaintiff) and will likely remain so should this Court remand to state court. Therefore, Lowe's respectfully requests that this action remain before this Court until such time as plaintiff demonstrates that she properly served a resident defendant.

                                                Respectfully submitted,

                                                William P. McLane

Dated: December 30, 2004

Newark:24393.1 028756.1369


**LITTLER MENDELSON**
A Professional Corporation
One Gateway Center, Third Floor
Newark, NJ 07102.5311
973.848.4700
Attorneys for Defendant
 Lowe's Home Centers, Inc.
WM/9482

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEA BRANTLEY,<br><br>                Plaintiff,<br><br>vs.<br><br>LOWE'S HOME CENTERS, INC., LOWE'S COMPANIES, INC., XYZ CORPORATION and MYCHAL SANDERS,<br><br>                Defendants. | Civil Action No. 04-5747 (MLC) (TJB)<br><br>**CERTIFICATE OF SERVICE** |

I, William P. McLane certify as follows:

1.  I am an attorney-at-law associated with the law firm of Littler Mendelson, P.C., counsel for Defendant Lowe's Home Centers, Inc. in connection with the above captioned matter, and am familiar with the facts set forth in this Certification.

2.  On December 30, 2004, I caused a copy of Defendant Lowe's Home Centers, Inc.'s Response to Order to Show Cause to be served via regular mail upon Joseph Castelluci, Esq., Peluso, Castelluci & Weintraub, P.C., 740 Broad Street, Shrewsbury, NJ 07702.

I certify that the foregoing statements made by me are true to the best of my knowledge. I understand that if any of the above statements are willfully false I am subject to punishment.

_____
WILLIAM P. MCLANE

Dated: December 30, 2004

Newark:24538.1 028756.1369
12/30/04 10:04 AM

2