```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LEA BRANTLEY, | CIVIL ACTION NO. 04-5747 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| LOWE'S HOME CENTERS, INC., et al., |  |
| Defendants. |  |

**THIS MATTER ARISES** on the Court's order to show cause why the action should not be remanded for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 to New Jersey Superior Court, Monmouth County.  The plaintiff, who is a New Jersey citizen, brought this action in state court on August 26, 2004, against the defendants — Lowe's Home Centers, Inc. ("LHC"), Lowe's Companies, Inc. ("LCI"), and Mychal Sanders — inter alia, to recover damages for violations of the New Jersey Law Against Discrimination.  (Compl. at 1-5.)  LHC removed the action under Section 1332.  (Remov. Not. at 2.)  LHC bears the burden of demonstrating jurisdiction. See 28 U.S.C. § 1446(a); Dev. Fin. Corp. v. Alpha Hous. & Health Care, 54 F.3d 156, 158 (3d Cir. 1995).  The Court is authorized to examine jurisdiction and remand the action sua sponte.  See 28 U.S.C. § 1447(c); Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995).

**CITIZENSHIP OF SANDERS**

LHC failed to allege Sanders's citizenship.  The Court is concerned Sanders is a New Jersey citizen, and the plaintiff is

not a "citizen[] of [a] different State[]" in relation to him. 28 U.S.C. § 1332(a)(1).

## WHAT LHC WAS REQUIRED TO DO TO AVOID REMAND

A challenge to jurisdiction under Section 1332 is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, ___ (2004). See CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 381 n.6 (3d Cir. 2004) (stating complete-diversity requirement measured when action is brought). Thus, the Court advised LHC that the action would be remanded unless it alleged Sanders's citizenship as of August 26, 2004, and showed that there is complete diversity of citizenship.[1]

The Court advised LHC that an allegation on where Sanders resides, is domiciled, is licensed, or has a place of business — as opposed to is a citizen — "[will] not properly invoke this Court's jurisdiction when premised upon diversity of citizenship." Forman v. BRI Corp., 532 F.Supp. 49, 51 (E.D. Pa. 1982). See Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 389 (1893); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419,

---

[1] LHC also failed to allege LCI's citizenship. But Westlaw's "Corporate Records" and Lexis's "Business & Corporate Information" libraries list LCI as a North Carolina corporation with its principal place of business in North Carolina. LHC was advised to inform the Court if this data was not accurate.

2

421 (3d Cir. 1970).  The Court also advised LHC that a response that is "on information and belief," an assertion that is not specific (<u>e.g.</u>, citizen of "a state other than New Jersey"), or a request for discovery or time to discern jurisdiction, would result in the action's remand.  LHC should have ascertained jurisdiction before it chose to remove the action to federal court.  <u>See</u> <u>Techstar Inv. P'ship v. Lawson</u>, No. 94-6279, 1995 WL 739701, at *4 (E.D. Pa. Dec. 8, 1995) (stating unsupported Section-1332-jurisdiction allegation may violate Rule 11).  <u>See also</u> <u>Cohen v. Kurtzman</u>, 45 F.Supp.2d 423, 436-38 (D.N.J. 1999) (granting Rule 11 motion for unsupported jurisdiction allegation); <u>Hussey Copper v. Oxford Fin. Group</u>, 121 F.R.D. 252, 253-54 (W.D. Pa. 1987) (same).  Also, when a removing party is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity."  <u>CGB Occ. Therapy</u>, 357 F.3d at 382 n.6.

## ACTION WILL BE REMANDED

LHC admits in response that "Sanders is a former [LHC] employee and [it] cannot establish with certainty where [he] resides."  (LHC Resp. at 1 n.1.)  It argued that it removed under Section 1441(b) — which states non-federal-question actions are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" — since it is the only served defendant.  (LHC

Resp. at 1.)  The argument is without merit, as Section 1441(b) would only allow removal of this action if, <u>inter alia</u>, the action "meets the requirements of Section 1332."  <u>Auerbach v. Tow Boat U.S.</u>, 303 F.Supp.2d 538, 544 (D.N.J. 2004).  <u>See Seagert v. Smith</u>, No. 03-10237, 2004 WL 539159, at *2 (E.D. Mich. Mar. 15, 2004) (stating removing defendant must show court would have had Section 1332 jurisdiction over action initially).

LHC has not alleged the citizenship of Sanders and shown there is complete diversity of citizenship.  Thus, the Court will remand the action for lack of jurisdiction under Section 1332.  The Court will issue an appropriate order and judgment.[2]

                                                        <u>   s/ Mary L. Cooper   </u>
                                                        **MARY L. COOPER**
                                                        United States District Judge

---

[2] LHC relies on <u>Windac Corp. v. Clark</u>, 530 F.Supp. 812 (D. Neb. 1982).  (LHC Resp. at 1).  The holding in <u>Windac</u> is not to the contrary.